UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | 2:23-CR-67 |
| vs. | ) ) ) | |
| RAVEN SHANIECE WALTHALL, | ) ) | |
| Defendant. | ) ) | |

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on June 12, 2023. At the hearing, I additionally provided with Defendant an initial appearance on the Information that had been filed. Defendant waived her right to prosecution by indictment and consented to proceeding via an Information rather than indictment. She then entered a plea of guilty to the one-count Bill of Information pursuant to a written plea agreement. I find that Defendant knowingly and voluntarily waived both her right to prosecution by indictment and to have a change of plea hearing before the district judge, instead consenting for the magistrate judge to hold the hearing. On the basis of the record made at the hearing, I find Defendant is capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights she waived by entering a guilty plea; the plea is made voluntarily and free from any force, threats, or promises; apart from the promises in the plea agreement; Defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

For these reasons, I **RECOMMEND** that Defendant's plea of guilty to the Bill of Information be accepted and the Court adjudicate her guilty of the charge set forth in the Bill of

Information. I further **RECOMMEND** that the decision of whether to accept the plea agreement be deferred until sentencing.

Finally, there is the issue of whether Defendant should remain on release pending sentencing. Defendant was released on pretrial supervision after her initial appearances in the Northern District of Georgia and was then permitted to remain on release by this District. While she had tested positive for marijuana use in violation of her conditions of release previously, after the Court addressed Defendant's noncompliance with her, she began receiving substance abuse treatment and has been fully compliant since that time. Neither the United States nor the United States Probation Office objected to Defendant remaining on release.

Defendant, a lifelong resident of Georgia, has resided with her parents (who both appear to be hardworking and upstanding people from the information provided by the Probation Office) and three minor children for over two years. Her parents brought her to Court and her three minor children accompanied her as well. Defendant is the primary parent for her three children. Additionally, Defendant has close relationships with her siblings.

For the reasons above, this Court finds by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released. Accordingly, I **RECOMMEND** that Defendant remain on release pending sentencing or further court proceedings before the district court. This Court acknowledges that acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

Respectfully submitted,

/s/Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

      You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than **Monday, June 26, 2023**. Failure to file objections within this time frame constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. § 636(b).